IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
DONALD DeLANGHE,                  )
                                  )
            Plaintiff,            )      8:05CV299
                                  )
      v.                          )
                                  )
ROBERT L. CONLEY; ROBERT L.       )      ORDER
CONLEY LIVESTOCK, LLC, and        )
PRODUCERS LIVESTOCK MARKETING     )
ASSOCIATION,                      )
                                  )
            Defendants.           )
_____)
```

This matter is before the Court on the respective motions of plaintiff and the defendants to exclude certain expert testimony.

**A. Plaintiff's motion to exclude expert testimony** (Filing No. 47).

The Court has reviewed plaintiff's motion, plaintiff's memorandum brief in support of his motion (Filing No. 48), plaintiff's affidavit and index of evidence in support of his motion (Filing No. 49), defendants' briefs in opposition to plaintiff's motion (Filing Nos. 55 and 56), the defendants' evidence index in support of their opposition to plaintiff's motion (Filing Nos. 54 and 57), and plaintiff's reply brief (Filing No. 60). Both the original final progression order (Filing No. 16), and the amended final progression order (Filing No. 37) make specific reference to Fed.R.Civ.P. 26(a)(2) regarding disclosure of expert witnesses. The testimony of experts is generally governed by Rule 702, 703 and 705 of the Federal Rules of Evidence. However, Rule 26(a)(2)(A) provides

that in addition to disclosure of witnesses required by Paragraph (1) of Rule 26(a) that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."  Subparagraph (B) then provided that "except as otherwise stipulated or directed by the Court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of the party regularly involved giving expert testimony" must be accompanied by a written report prepared and signed by the witness setting forth the information required by Rule 26(a)(2)(B).

Both defendants have represented to the Court in their briefs that none of the witnesses which they have identified are witnesses that were retained or specially employed to provide expert testimony in this case, nor are any of them regularly involved in giving expert testimony.  In addition, the defendant Producers Livestock Marketing Association has also represented that the witnesses will not testify beyond the scope of the specific material identified in their disclosures or in the depositions which they have already given.  In the language of counsel for Producers Livestock Marketing Association, "[i]n other words, PLMA will not offer opinions that were not contained within the depositions nor in the materials that accompanied the expert witness disclosures."

Having reviewed both the final amended progression order and the Federal Rules of Civil Procedure, the Court finds that defendants have complied with the rules, and plaintiff's motion with respect to the identified witnesses will be denied.

**B.  Defendants' motions to exclude the testimony of Scott Kuecker** (Filing Nos. 44 and 50).

The Court has reviewed the respective motions of the defendants, together with the Conley defendants' brief (Filing No. 46), and index of evidence (Filing No. 45), the defendant PLMA's brief (Filing No. 51), and index of evidence (Filing No. 52), the plaintiff's brief in opposition to defendants' motion (Filing No. 58), and plaintiff's evidence index in support of its opposition (Filing No. 59), and PLMA's reply brief and supplemental index (Filing Nos. 63 and 64).

Dr. Scott Kuecker, a veterinarian, has been employed by the plaintiff as an expert witness to provide expert testimony of a chronology of what happened to cattle purchased by plaintiff from the defendants and to reach an expert opinion as to the economic impact or losses sustained by the plaintiff by reason of the purchase and treatment of these calves.

Addressing first that portion of defendants' motions dealing with the proposed testimony of Dr. Kuecker as it relates to the economic impact or losses sustained by the plaintiff, the Court notes that Dr. Kuecker's "expert report" as it relates to his opinion on damages completely fails to comply with the requirements of Fed.R.Civ.P. 26(a)(2).  Further, the Court notes

-3-

that on Pages 85-90 of his deposition, taken on March 6, 2006, it is clear that he has only made estimates and guesses with respect to the damages which he testifies were sustained by Mr. DeLanghe. Reviewing the report submitted at the time Dr. Kuecker was identified as an expert witness, and which is titled: "Don DeLanghe Disease Outbreak, Type 2BVD- Case Description," the plaintiff has failed to submit an expert report that would permit Dr. Kuecker to testify as to damages sustained by Mr. DeLanghe.

As to the proposed testimony of Dr. Kuecker as it relates to the subject of damages, the defendant's motion will be sustained.

With respect to the first opinion relating to the chronology of what happened to the cattle purchased by the plaintiff, it is not clear to the Court what opinion plaintiff seeks to obtain from Dr. Kuecker. Dr. Kuecker is qualified as a veterinarian, and can testify to his observations and treatment of the calves, diagnoses which he made from his examination of the calves, and conclusions which he has reached with respect to the cause of any illnesses or diseases which he finds were present. The defendants seek to disqualify him because he did not conduct differential diagnoses in reaching his conclusions. The Court believes this goes to the weight of the evidence and not to its admissibility. As to that aspect of his testimony, defendants' motion will be denied.

With respect to the Court's ruling on the testimony of plaintiff's identified experts and the testimony of Dr. Kuecker,

the Court reminds the parties that it will require strict compliance with Rule 26 of the Federal Rules of Civil Procedure as well as Evidentiary Rules 701, 702, 703 and 705.  Accordingly,

   IT IS ORDERED:

   1) Plaintiff's motion to exclude expert testimony (Filing No. 47) is denied.

   2) Defendants' motions to exclude the testimony of Scott Kuecker (Filing No. 44 and 50) are granted in part and denied in part as set forth above.

   DATED this 2nd day of June, 2006.

   BY THE COURT:

   /s/ Lyle E. Strom
   _____
      LYLE E. STROM, Senior Judge
      United States District Court